# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER BERRYHILL, | Case No.: 1:14-cv-02087-BAM (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND |
| v. | (ECF No. 1) |
| E. BORRERO, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

### I.     Screening Requirement and Standard

Plaintiff Tyler Berryhill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 31, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California.  Plaintiff names the following defendants: (1) E. Borrero; (2) K. Hixon; (3) Briggs; (4) Seaman; (5) Campos; (6) Falkner; (7) Vera; (8) Estrada; (9) Castellanos; (10) Becina; and (11) Latradez.

Plaintiff alleges as follows:

> Plaintiff Berryhill was wrongfully confined KVSP from 2-21-13 until 9-26-14 pending Level 3 transfer.  Plaintiff submitted an appeal for transfer on 9-11-13.  The appeal was ex[h]austed at the first level.  Approximately 5 months after first appeal Plaintiff Berryhill was attacked by Defendant Campos, who was a Level 4 inmate.  Plaintiff Berryhill[']s hand was injured in the altercation.
> On 3-5-14 at KVSP another appeal was submitted by Inmate Berryhill due to "wrongful confinement" and "failure to protect."  The appeal was partially granted at the first level and ex[h]austed at the third level and denied.
> Kern Valley State Prison

(ECF No. 1, p. 3.)  Plaintiff seeks compensatory and punitive damages.

///

///

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but it fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's complaint lacks basic facts, including what happened and who was involved. Plaintiff will be given leave to cure these deficiencies.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any individual defendant to a constitutional violation. Plaintiff will be given leave to cure this deficiency. Although Plaintiff attaches exhibits to his complaint, the Court

3

will not endeavor to guess which claims Plaintiff intends to pursue against which defendants. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### C.  Defendant Campos

Plaintiff cannot state section 1983 claim against Inmate Campos because he is a private party, not a state actor. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties generally not acting under color of state law). However, private parties may be acting under color of law if they conspire with state officials to deprive another of federal rights or by engaging in joint activity with state officials. Id. at 708; Tower v. Glover, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824 (1984). Plaintiff does not allege that Inmate Campos was conspiring with state officials or engaging in joint activity with state officials.

### D.  Transfer Claim

Plaintiff complains that he was wrongfully confined at Kern Valley State Prison from 2-21-13 until 9-26-14 pending a Level 3 transfer. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983). Accordingly, Plaintiff cannot state a constitutional claim based on prison officials' failure to transfer him for a period of time.

### E.  Eighth Amendment-Failure to Protect Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison

officials know of and disregard a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff alleges that he was attacked by Inmate Campos, who was a Level 4 inmate, and his hand was injured in the altercation. Plaintiff's allegations do not support a claim that defendants failed to protect him from harm from Inmate Campos. Plaintiff has failed to demonstrate that any defendants knew that Plaintiff was at risk of attack at the hands of another inmate. Plaintiff will be given leave to cure this deficiency.

## IV. Conclusion and Order

Plaintiff has failed to state a cognizable claim against any individual defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4.       If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 4, 2015**                              /s/ Barbara A. McAuliffe           _
                                                               UNITED STATES MAGISTRATE JUDGE